DOC # 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
JULIA BETANCES,

                Plaintiff,                08 Civ. _____

    -against-

THE NEW YORK CITY                    COMPLAINT
HOUSING AUTHORITY,
and TINO HERNANDEZ, as Chairman      JURY DEMANDED
of the New York City Housing Authority

                Defendants.
----------------------------------------------------X

      The plaintiff Julia Betances ("Ms. Betances") , by her attorneys, The Legal Aid Society, for her complaint against defendants Tino Hernandez ("Mr. Hernandez"), as Chairman of the New York City Housing Authority, and the New York City Housing Authority ("NYCHA"), alleges as follows:

### NATURE OF ACTION

1. This is a civil action by Julia Betances to enforce her right to a handicap accessible apartment as Defendants have refused her request to transfer from an inaccessible to an accessible apartment in violation of Section 504 the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; the Federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, et seq.; the New York State Human Rights Law, New York Executive Law § 290 et seq.; and, the New York City Human Rights Law, Title 8 of the New York City Administrative Code.

1

## SUMMARY OF THE ACTION

2.  Ms. Betances currently lives with Aljenis Payamps, an eleven-year-old boy with a mobility impairment in apartment 4C at 441 Gates Avenue, Brooklyn, NY. Ms. Betances has custody of Aljenis whom she has raised and who is like a son to her. Apartment (hereinafter "4C") is not accessible as it is a fourth floor apartment in a building without an elevator. Plaintiff brings this action to require Defendants to transfer her and her child to a new accessible NYCHA apartment that is available at NYCHA's Bracetti Plaza Houses.

3.  Aljenis is living with a condition called schizencephaly, which causes right side paresis, sensory deficit, and sensory neglect. As a result of this disability, Aljenis has motor impairments that require him to use leg braces to ambulate.

4.  Prior to living in this current apartment, Ms. Betances resided at Apartment 1A ("1A") in a neighboring building at Armstrong Houses for around ten years.

5.  In or around August 2007, Ms. Betances requested a transfer from her 1A apartment, which was on the first floor, because the rent was too high and she believed that moving to a smaller unit would reduce her tenant share of the rent. After reviewing Ms. Betances's letter and other documentation, NYCHA granted her transfer request because, *inter alia*, the 1A unit with four bedrooms was too large a size for Ms. Betances's two-person household.

6.  At roughly the same time, Ms. Betances began to withhold her rent due to conditions in her apartment that dated from before August 2007. In or around September 2007, NYCHA workers removed most of the floor tiles in her apartment when they were there to repair her

2

floor. From or around September 2007 until or around March 2008, Ms. Betances and Aljenis lived in an apartment without floor tiles in preparation for repairs that were never made.

7. In March 2008, as a result of unit 1A's inhabitability, NYCHA agreed to move Ms. Betances and her son to unit 4C in a neighboring building in Armstrong Houses.

8. In early May 2008, Ms. Betances received notification from NYCHA of an available apartment at NYCHA's Bracetti Plaza Houses.

9. However, NYCHA refuses to transfer Ms. Betances to the accessible apartment at Bracetti Plaza citing a NYCHA policy of flatly refusing transfers of tenants unless or until tenants have a "zero balance," meaning that tenants may not have any arrearages.

10. On May 19, 2008, attorneys for Ms. Betances sent via facsimile an urgent letter to the Defendants asking for a reasonable accommodation of NYCHA's policies to transfer Ms. Betances and Aljenis immediately to this accessible apartment at Bracetti Plaza before the unit was released to another tenant. NYCHA has not responded to the letter and has refused to accommodate this family's disabled child.

11. Therefore, NYCHA transferred plaintiff to another apartment to accommodate her need to live in an apartment without hazardous conditions, but refused to transfer her to an apartment that would accommodate her son's disability, despite her owing arrears at the time of both the transfer and the proposed transfer.

## PARTIES

12. Ms. Betances is currently a tenant at Armstrong Houses, a federally-owned housing project located at 441 Gates Avenue, Apartment 4C, Brooklyn, New York. Ms. Betances's prior apartment at Armstrong Houses was located at 449 Gates Avenue, Apartment 1A, Brooklyn, New York.

13. The New York City Housing Authority is Ms. Betances' landlord and operates Armstrong Houses and Bracetti Plaza, along with dozens of other housing projects in the five boroughs of the City of New York. NYCHA's primary offices are located at 250 Broadway, New York, New York. Bracetti Plaza is located at 290 E.4th Street, New York, New York.

14. Tino Hernandez is the Chairman of NYCHA, whose primary office is located at 250 Broadway, New York, New York.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of Ms. Betances's claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., Section 504 the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, et seq., and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3603 and 3604, pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the New York State law and New York City law claims pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that Defendants are subject to personal jurisdiction in that their principal office is located in this district and a substantial part of the events giving rise to Ms. Betances's claim occurred in this judicial district.

## **GENERAL ALLEGATIONS**

17. Ms. Betances is a resident of Armstrong Houses, a public housing development, administered by The New York City Housing Authority (hereinafter "NYCHA").

18. Ms. Betances's current address is 441 Gates Avenue, #4C, Armstrong Houses, Brooklyn, NY 11216. She was moved to that address by NYCHA in March 2008. Prior to that, she lived at 449 Gates Avenue, #1A, Brooklyn, NY 11246.

19. Ms. Betances's current apartment is a fourth floor apartment in a building that does not have an elevator and is therefore not accessible for anyone with a mobility impairment. Ms. Betances was transferred to this apartment by NYCHA in March 2008 because of hazardous conditions in her prior apartment.

20. Ms. Betances lives in the apartment with her eleven-year-old disabled child, Aljenis Payamps. Aljenis is actually the son of her niece, but she has legal custody of him and she has taken care of him since his birth and considers him her son.

21. Aljenis Payamps was born with several disabilities. He receives federal SSI benefits. He is diagnosed with schizencephaly, right-side paresis, and sensory deficit, and he uses leg braces to ambulate.

22. Since Aljenis must use leg braces to walk, it is excruciatingly difficult for him to climb stairs. It takes him about ten, laborious minutes to climb up or climb down the stairs and he appears to be in pain the entire time. Ms. Betances is afraid he will fall because his movement is weak on the right side and if he falls he cannot stop his fall with his right hand.

 Moreover, the balance of hardships tilts decidedly in Ms. Betances' favor since "[a] balancing of the hardships entails a consideration of the equities involved," and the defendants' will suffer no legally recognizable hardship as a result of a temporary restraining order being granted. Defendants will be forced only to hold a single, handicap accessible apartment available for a family that requires a handicap accessible apartment. Plaintiff faces the possibility of waiting indefinitely for another handicap accessible apartment.

## V. CONCLUSION

 For the reasons set forth above, Ms. Betances respectfully requests that the Court issue a temporary restraining order and preliminary injunction

Dated: May 22, 2008
Brooklyn, NY

              THE LEGAL AID SOCIETY

              By: _____
              LINDA HOLMES, Esq.
              JOHN PAUL NEWTON (JP 1976)
              Of Counsel to Steve Banks, Attorney-in-Chief
              The Legal Aid Society
              Brooklyn Neighborhood Office
              Emily Ruben, Attorney-in-Charge
              111 Livingston Street, 7th floor
              Brooklyn, New York 11201
              (718) 722-3100

23. NYCHA has already shown plaintiff an accessible apartment with an elevator in a building in their development Lower East Side Houses – Bracetti Plaza located at 290 East 4th Street, New York New York.

24. Not only is this apartment accessible for Plaintiff's child, it is also a unique housing opportunity as it is located very close to Aljenis' treatment facility, the New York University Hospital for Joint Diseases, which is on East 17th Street in Manhattan.

25. Plaintiff was told May 20, 2008, by the NYCHA worker who showed her the apartment at Bracetti Plaza, that if she did not show a "zero balance" reflecting no rental arrears in her current apartment, she would not be given this accessible apartment, and the apartment would be given to the next person on the list.

26. On May 19, 2008, attorneys for Ms. Betances sent via facsimile an urgent letter to NYCHA asking for a reasonable accommodation of NYCHA's policies to transfer Ms. Betances and Aljenis immediately to this accessible apartment at Bracetti Plaza before the unit was released to another tenant. NYCHA has not responded to the letter and has refused to accommodate this family's disabled child.

27. In sum, NYCHA transferred plaintiff to another apartment to accommodate her need to live in an apartment without hazardous conditions, but refused to transfer her to an apartment that would accommodate her son's disability, despite her owing arrears at the time of both the transfer and the proposed transfer.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE REHABILITATION ACT OF 1973

## (29 U.S.C. § 794)

28. Ms. Betances realleges and incorporates by reference the allegations in paragraphs 1 through 27 as though fully set forth herein.

29. Aljenis Payamps is a disabled person as that term is defined in the Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 705(20).

30. The Defendants are housing providers that receive federal financial assistance.

31. The Defendants' conduct in refusing to make a reasonable accommodation of its policies in denying Ms. Betances and her disabled minor child a transfer to Bracetti Plaza Houses constitutes discrimination in a public accommodation in violation of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 and 24 C.F.R. Part 8.

32. The accommodation request was a reasonable and necessary application.

33. The Defendants' conduct was intentional, willful, and made in disregard of the rights of others.

34. In addition, under 29 U.S.C. § 794a, Ms. Betances is entitled to an award of reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FEDERAL FAIR HOUSING ACT

## REFUSAL TO RENT

## (42 U.S.C. § 3604(f)(1) and (2))

35. Ms. Betances realleges and incorporates by reference the allegations in paragraphs 1 through 27 as though fully set forth herein.

36. Aljenis is disabled as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(h).

37. By refusing to rent the apartment available at Bracetti Plaza to Plaintiff, the Defendants' conduct constitutes discrimination in the sale or rental of a dwelling, or to otherwise make the dwelling unavailable, to a renter because of a disability of that renter, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(A).

38. The Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

39. Ms. Betances is an aggrieved person as defined in 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages as a result.

40. Accordingly, under 42 U.S.C. § 3613(c), the Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF THE FEDERAL FAIR HOUSING ACT

## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

## (42 U.S.C. § 3604(f)(3))

41. Ms. Betances realleges and incorporates by reference the allegations in paragraphs 1 through 27 as though fully set forth herein.

42. Aljenis Payamps is handicapped as that term is defined in the Fair Housing Act, 42 U.S.C. § 3602(h).

43. The Defendants' refusal to transfer Plaintiff immediately to an available accessible apartment has denied Ms. Betances an equal opportunity to housing available through the Defendants.

44. The proposed accommodation would not impose an undue financial or administrative burden on the Defendants and does not require a fundamental alteration in the nature of the operations of the Defendants.

45. The Defendants' conduct thus constitutes a refusal to make a reasonable accommodation in rules, policies, practices, or services, when such accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B).

46. Ms. Betances is an aggrieved person as defined in 42 U.S.C. § 3602(i), has been injured by the Defendants' discriminatory conduct, and has suffered damages as a result.

47. Accordingly, under 42 U.S.C. § 3613(c), the Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

## (N.Y. EXECUTIVE LAW § 290, et seq.)

48. Ms. Betances realleges and incorporates by reference the allegations in paragraphs 1 through 27 as though fully set forth herein.

49. Aljenis suffers from a disability as that term is defined in Article 15 of the New York Executive Law § 292(21).

50. The Defendants' conduct constitutes a refusal to rent or lease, a denial of housing accommodations, or the withholding of a housing accommodation, because of a disability in violation of Article 15 of the New York Executive Law § 296(5)(a)(1).

51. The Defendants' conduct constitutes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person a with a disability equal opportunity to use and enjoy a dwelling, in violation of Article 15 of the New York Executive Law § 296(18)(2).

52. The Plaintiff has been injured by the Defendants' discriminatory conduct and has suffered damages as a result.

53. The Defendants' conduct was willful, intentional, and made in disregard for the rights of others.

54. Accordingly, the Plaintiff is entitled to actual damages, punitive damages, and injunctive relief pursuant to Article 15 of the New York Executive Law § 297(9).

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

## (NEW YORK CITY ADMINISTRATIVE CODE § 8-101, et seq.)

55. Ms. Betances realleges and incorporates by reference the allegations in paragraphs 1 through 27 as though fully set forth herein.

56. Ms. Betances's child lives with a disability as that term is defined in the New York City Administrative Code § 8-102(16).

57. The Defendants' conduct constitutes a refusal to rent or lease, or approve the rental or lease, or otherwise deny to or withhold from the Plaintiff a housing accommodation or an interest therein because of a disability, in violation of the New York City Administrative Code § 8-107(5)(a)(1).

58. The Defendants' conduct constitutes a refusal to make a reasonable accommodation to enable a person with a disability to enjoy the equal right to a housing accommodation in violation of the New York City Administrative Code § 8-107(15)(a).

59. Ms. Betances is an aggrieved person, as defined in the New York City Administrative Code § 8-502(a), and has suffered damages as a result of the Defendants' discriminatory conduct.

60. The Defendants' conduct was intentional, willful, and made in disregard of the rights of others.

61. Accordingly, pursuant to the New York City Administrative Code § 8-502, the Plaintiff is entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Betances prays for the following relief:

1. That the Court enter an order finding as follows:

    a. Defendants have engaged in a discriminatory practice of refusing to provide a reasonable accommodation in its policies by refusing to transfer Plaintiff to an accessible apartment in violation of Section 504 the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; and,

    b. Defendants have engaged in a discriminatory practice of refusing to provide a reasonable accommodation in its policies by refusing to transfer Plaintiff to an accessible apartment in violation of the Federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq.; and,

    c. Defendants have engaged in a discriminatory practice of refusing to provide a reasonable accommodation in its policies by refusing to transfer Plaintiff to an accessible apartment in violation of the New York State Human Rights Law, New York Executive Law § 290 et seq.; and,

    d. Defendants have engaged in a discriminatory practice of refusing to provide a reasonable accommodation in its policies by refusing to transfer Plaintiff to an

accessible apartment in violation of the New York City Human Rights Law, Title 8 of the New York City Administrative Code; and,

e. Defendants have engaged in a discriminatory practice by refusing to rent, lease, or otherwise make a dwelling available, because of a disability in violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq.; and,

f. Defendants have engaged in a discriminatory practice by refusing to rent, lease, or otherwise make a dwelling available, because of a disability in violation of the New York City Human Rights Law, Title 8 of the New York City Administrative Code.

2. That the Court issue a temporary, preliminary, and, thereafter, permanent injunction against Defendants, and all others in active concert or participation with Defendants; and,

3. That the Court issue an award of monetary damages to Julia Betances, pursuant to 42 U.S.C. § 3613(c)(1), Article 15 of the New York Executive Law § 297(9), and the New York City Administrative Code § 8-502; and,

4.  That the Court issue an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 3613(c)(1), 29 U.S.C. § 794a, and the New York City Administrative Code § 8-502.

Dated: May 22, 2008
Brooklyn, New York

_____
LINDA HOLMES, ESQ.
JOHN PAUL NEWTON (JP 1976)

14