UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JULIA BETANCES,

                                              Civ. No. 08-4794 (RMB)

           Plaintiff,

       -against-

THE NEW YORK CITY HOUSING AUTHORITY,
and TINO HERNANDEZ, as Chairman of the
New York City Housing Authority,

                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR A PRELIMINARY INJUNCTION

---

                               **RICARDO ELIAS MORALES**
                               General Counsel
                               New York City Housing Authority
                               Attorney for Defendants
                               250 Broadway, 9th Floor
                               New York, New York 10007
                               (212) 776-5244

**Of Counsel:**
    Steven J. Rappaport
    Donna M. Murphy

# TABLE OF CONTENTS

Preliminary Statement.................................................................................................. 1

Statement of Facts....................................................................................................... 3

Argument ..................................................................................................................... 9

    PLAINTIFF HAS FAILED TO MEET HER BURDEN OF PROOF FOR
INJUNCTIVE RELIEF................................................................................................. 9

        A.    Plaintiff Has Not Shown Irreparable Injury Requiring a
Preliminary Injunction Against NYCHA.................................................................. 10

        B.  Plaintiff Has Not Shown a Substantial Likelihood of Success on
the Merits .................................................................................................................. 12


Conclusion ................................................................................................................. 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JULIA BETANCES,

                                        Civ. No. 08-4794 (RMB)

              Plaintiff,

      -against-

THE NEW YORK CITY HOUSING AUTHORITY,
and TINO HERNANDEZ, as Chairman of the
New York City Housing Authority,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR A PRELIMINARY INJUNCTION

### PRELIMINARY STATEMENT

Plaintiff Julia Betances, a resident of NYCHA's Armstrong Houses in Brooklyn, New York,

seeks a preliminary injunction ordering NYCHA to hold vacant a two-bedroom apartment located at

290 East 4th Street, Apt. 6C, New York, New York in NYCHA's Bracetti Plaza because she alleges

that she requires that particular apartment as a reasonable accommodation of her niece's son's

mobility impairment.  This Court has denied plaintiff's motion for a temporary restraining order.

The motion for a preliminary injunction also should be denied because NYCHA has acted properly

with respect to plaintiff and because she cannot show irreparable harm from the loss of the particular

apartment at Bracetti Plaza.

In 2007, plaintiff, the tenant of record of a four-bedroom apartment occupied only by plaintiff

and her son, sought to transfer on the grounds that her apartment was extremely underoccupied.  In

March 2008, plaintiff and her son were moved temporarily to another apartment while the leased

apartment underwent repairs.  At no time while plaintiff viewed potential temporary apartments and

accepted one temporary apartment, or even after she lived in the temporary apartment for two months, did plaintiff claim that her son required reasonable accommodation. Plaintiff failed to request any reasonable accommodation until after plaintiff was informed in May 2008 that she could not transfer from Armstrong Houses to Bracetti Plaza due to her outstanding rent arrears totaling more than $5,000, which are the subject of a non-payment proceeding in housing court.

Through her attorney, plaintiff claims that she requires the particular two-bedroom apartment located at 290 East 4th Street, Apt. 6C, New York, New York, because the temporary apartment in which she currently resides is on the fourth floor and her son has mobility impairment which makes traversing the stairs difficult. Upon learning of plaintiff's claim, NYCHA has attempted to accommodate plaintiff with temporary apartments either on the first floor or in an elevator building. Although plaintiff initially was willing to look at an apartment in an elevator building in NYCHA's Lafayette Gardens, subsequently, plaintiff has flatly rejected any accommodation other than the particular two-bedroom apartment located at 290 East 4th Street, Apt. 6C.

Unless the housing court proceeding is resolved favorably to plaintiff, NYCHA procedures require that her request for a permanent transfer be disapproved. However, if the housing court proceeding is resolved without issuance of a warrant of eviction and plaintiff can resolve her outstanding arrears, she may then transfer to another appropriate apartment. There is no reason to hold vacant this particular two-bedroom apartment in Manhattan for an indefinite period while plaintiff seeks to address these issues. Although plaintiff notes that the apartment she seeks is near her son's health care provider on the Lower East Side, NYCHA has other developments in that geographic area to which plaintiff may seek transfer once she resolves her arrears and is eligible for transfer.

STATEMENT OF FACTS

**NYCHA's Fair Housing Non-Discrimination Policy**

NYCHA's fair housing non-discrimination policy prohibits discrimination in the selection of families and in the provision of services on the basis of, <u>inter alia</u>, disability. (Declaration of Donna M. Murphy, dated June 3, 2008 "Murphy Decl. ¶3, Exh. A)

**NYCHA's Tenant Selection and Assignment Plan**

NYCHA's places tenants in public housing apartments according to its Tenant Selection and Assignment Plan ("TSAP"), which has been approved by the U.S. Department of Housing and Urban Development ("HUD") as meeting all non-discrimination requirements. (Murphy Decl. ¶4, Exh. B) TSAP sets forth prescribed reasons for a transfer. To apply for a transfer from one apartment or development to another, a tenant must submit a written request on a transfer request form to the manager of the development at which the tenant resides, setting forth the reason for the transfer request.  If the project manager approves the request, he or she assigns a priority code to it and forwards it to the Field Liaison Division ("FLD").  (Murphy Decl. ¶4, Exh. A, TSAP, p.18)

A manager is to disapprove a tenant request to transfer where the family has an unsatisfactory record of tenancy, including being "under legal action for non-payment of rent or meets criteria for chronic rent delinquency in the payment of rent."  (<u>See</u> Murphy Decl. ¶5, Exh. C, GM-3595A Revised, "TSAP: Revised Transfer Procedure," ("GM-3595A"), p.2)

Grounds for a transfer under the TSAP include extreme under-occupancy of an apartment according to NYCHA's occupancy standards.  (<u>See</u> Murphy Decl. ¶5, Exhibit A, TSAP, p.20-21) Tenants living in extremely underoccupied apartments may select any project whether or not it appears on the Guide for Anticipated Vacancies. (<u>See</u> Murphy Decl. ¶5, Exh. A, TSAP, p.20-21;

3

Exh. D, p.2)

NYCHA electronically selects the next family for an apartment according to TSAP criteria as available vacancies arise. A tenant's ability to transfer to particular developments under TSAP is affected by a number of factors, including the number of available apartments at the development requested, the number of families on the waiting list for apartments of the requested size at that development and the priority code assigned to each public housing application and transfer request. (Murphy Decl. ¶7, Exh. A)

**Plaintiff's Tenancy**

Plaintiff has been the tenant of record of a four-bedroom apartment located at 449 Gates Avenue Apt. #1A, Brooklyn, New York, in NYCHA's Armstrong Houses since December 23, 1998. (Declaration of Michael Robinson, dated June 3, 2008, "Robinson Decl.," ¶3, Exh. A) At that time, plaintiff's family composition consisted of herself, three daughters, a niece and a niece's son.[1] Id.

By August 2007, plaintiff's family composition consisted of just herself and her son. (Robinson Decl. ¶5) In August 2007, plaintiff submitted a request to transfer. The reason for the transfer was that plaintiff was downsizing from a six-room apartment to a four-room apartment. (Robinson Decl. ¶5, Exh. C) Under NYCHA's occupancy standards, the four-bedroom apartment was deemed "extremely under-occupied." (Murphy Decl. Exh. D)

On August 29, 2007, plaintiff selected Lower East Side II as her development choice from the Working Family Guide to Anticipated Vacancies ("Guide") even though the development did not indicate any anticipated vacancies of any two-bedroom apartments. (Robinson Decl. ¶6, Exh. D) As a tenant transferring due to extreme underoccupancy, plaintiff was eligible to select a development

---

[1] Plaintiff has legal custody of her niece's son, Algenis Payamps (hereinafter referred to as

4

even if it did not appear on the Guide.  Id.

**Plaintiff's Failure to Pay Rent**

As early as 2005, then-Manager Barbara Grant had noted plaintiff's poor rent paying record, that a non-payment dispossess had been served within the past twelve months and that rent for four months in 2004 had been paid late. (Robinson Decl. ¶4, Exh. B)

Plaintiff has had a balance owing since as early as January 2007; she has a current balance of $5,229.50.  Plaintiff is the subject of a non-payment action in the Civil Court of the City of New York, County of Kings, Housing Court Part A, Index No. 28651/2007.  Other than a $500 payment made at the direction of the housing court, plaintiff has made no payment at all since on or about October 9, 2007.   (Robinson Decl. ¶11, Exh. F)

During the course of the housing court proceedings, it was stipulated that plaintiff would go to the Armstrong Houses management office for a possible rent adjustment. (Robinson Decl. ¶12, Exh. G)  As a result of a review, plaintiff's monthly rent was adjusted from $764 to $694 effective June 1, 2008. (Robinson Decl. ¶12, Exh. H)[2]

**Plaintiff Did Not Request Reasonable Accommodation of Her Son's Condition When She Selected, and Moved to, the Temporary Apartment**

Plaintiff's apartment at Armstrong Houses required repairs to the flooring and NYCHA agreed to move plaintiff temporarily to another apartment. Michael Robinson, a Housing Assistant at Armstrong Houses, showed plaintiff a potential temporary apartment in Armstrong Houses at 441 Gates Avenue Apt. #4C, which is on the fourth floor of a walk-up building. (Robinson Decl. ¶7)

---

"plaintiff's son").
[2] At an appearance in housing court on May 20, 2008, plaintiff waived NYCHA's prima facie case and traverse, leaving as the sole issue to be tried plaintiff's claim for a rent abatement due to the condition of her prior apartment. (Robinson Decl. ¶12, Exh. I)  On June 2, 2008, the housing

Plaintiff viewed the apartment and indicated that it was acceptable to her. On March 13, 2008, plaintiff signed for keys to the apartment, lobby door and mailbox. (Robinson Decl. ¶7, Exh. E)

Plaintiff never advised Mr. Robinson that her son required any reasonable accommodation in that he needed to be in a first floor apartment or an elevator building. She did not raise this issue when she viewed and accepted the fourth floor apartment nor did she raise the issue with the Armstrong Houses management office at any time since March 13, 2008. If plaintiff had informed Mr. Robinson of the need for an apartment on the first floor or in an elevator building as a reasonable accommodation, she would have been moved to such an apartment temporarily. (Robinson Decl. ¶8)

### NYCHA Attempted to Reasonably Accommodate Plaintiff's Son's Condition Upon Notification That He Required Accommodation

When plaintiff first raised the issue of her son's need for reasonable accommodation through her counsel in this action, NYCHA attempted to provide plaintiff with a reasonable accommodation.

In light of plaintiff's contention that her son needed to be in an elevator building or in a first floor apartment, Armstrong Houses management searched for an available apartment either in an elevator building or first floor apartment. On Friday, May 30, 2008, Mr. Robinson contacted plaintiff through a Spanish-speaking staff member to inquire into whether she was interested in transferring to an apartment on the 12th floor of an elevator building at 387 Lafayette Avenue, Brooklyn, New York in NYCHA's Lafayette Gardens, which is only six blocks from Armstrong Houses. Plaintiff indicated that she was interested and would come to the office on Tuesday morning (Monday being the Memorial Day holiday) to look at the apartment. Plaintiff did not appear on Tuesday morning to look at the apartment. (Robinson Decl. ¶10)

At the court conference in this matter on May 27, 2008, NYCHA counsel informed Linda

court proceeding was adjourned until June 19, 2008. (Robinson Decl. ¶13)

Holmes, Esq., in the presence of other counsel for plaintiff, that plaintiff had not mentioned any need for accommodation of her son's mobility impairment when she viewed and accepted the temporary apartment at Armstrong Houses, but that NYCHA had located an apartment in an elevator building at Lafayette Gardens and was continuing to search for other apartments which were either on the first floor or in elevator buildings.  NYCHA counsel informed Ms. Holmes that NYCHA was prepared to accommodate plaintiff's son and inquired whether plaintiff had any interest in a temporary transfer to the Lafayette Gardens apartment or any other first floor or elevator apartment.  This offer was not conditioned upon plaintiff's waiver or settlement of any of her claims.  After consulting with her client, Ms. Holmes informed NYCHA counsel that plaintiff was not interested in any of the apartments because she was "not interested in moving twice."  (Murphy Decl. ¶10)

**Plaintiff's Ineligibility For Transfer**

Several developments are consolidated for management purposes within Lower East Side Consolidated: Bracetti Plaza, East 4th Street Rehab, First Houses, Lower East Side II, and Lower East Side Rehab (Group 5).  (Declaration of Janet Fawemimo, dated June 3, 2008 "Fawemimo Decl.," ¶3)

Pursuant to NYCHA's Tenant Selection and Assignment Plan ("TSAP"), on May 2, 2008, plaintiff Julia Betances was identified as the next referral for a two-bedroom apartment at 290 East 4th Street Apt. #6C, New York, New York, a building which is part of Bracetti Plaza.  (Fawemimo Decl. ¶4; Exh. A)  Plaintiff had been assigned a T1 priority under TSAP; this priority includes tenants who reside in an extremely under-occupied apartment.  (Fawemimo Decl. ¶4)  By letter dated May 2, 2008, plaintiff was notified of an available four-room (or two-bedroom) apartment at Bracetti Plaza and directed to contact the management office to schedule a rental interview.  (Fawemimo Decl. ¶5; Exh. B)

7

On May 13, 2008, Housing Assistant Janet Fawemimo conducted a rental interview with plaintiff through an interpreter. At that time, Ms. Fawemimo found out that plaintiff was the subject of a non-payment proceeding in housing court and owed NYCHA more than $5,600. Because tenants with an unsatisfactory record of tenancy, including being under legal action for non-payment of rent or having chronic rent delinquency, are not supposed to be approved for transfer, Ms. Fawemimo informed plaintiff that she needed to clear this balance and submit proof of a zero balance from the management office at Armstrong Houses. Ms. Fawemimo informed her that she needed to do this by Monday, May 19, 2008 to rent this apartment. (Fawemimo Decl. ¶6)

On May 19, 2008, Ms. Fawemimo telephoned plaintiff regarding whether she had paid the amount owed to NYCHA and was able to submit proof of payment. She stated that she had not paid and did not have the money to pay the outstanding balance. She said she needed to obtain money from her sister. On May 20, 2008, plaintiff informed Ms. Fawemimo that she was unable to obtain money from her sister needed to pay the outstanding balance. Ms. Fawemimo informed her that NYCHA could not hold the apartment any longer. (Fawemimo Decl. ¶7)

ARGUMENT

**PLAINTIFF HAS FAILED TO MEET HER BURDEN OF PROOF FOR INJUNCTIVE RELIEF.**

"A preliminary injunction is an extraordinary remedy and should not be granted routinely. It is reserved for cases in which need for it is manifest." P.F. Cosmetique, S.A. v. Minnetonka Inc., 605 F.Supp. 662, 666 (S.D.N.Y. 1985). "The party seeking preliminary injunctive relief bears a heavy burden of proof and accordingly a motion for a preliminary injunction will be denied 'absent a clear showing that the movant has met its burden of proof.'" Liddy v. Cisneros, 823 F. Supp. 164, 173 (S.D.N.Y.1993) (citations omitted). At minimum, a "party seeking preliminary injunctive relief must establish: (a) irreparable harm and (b) either (i) a likelihood of success on the merits of the underlying claim or (ii) sufficiently serious questions going to the merits of the claim as to make it a fair ground for litigation and a balance of the hardships tipping decidedly toward the movant." Sweeny v. Bane, 996 F. 2d 1384, 1388 (2d Cir. 1993).

A more stringent burden of proof applies in at least the following three circumstances. First, "where the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim." Plaza Health Laboratories, Inc. v. Perales, 878 F.2d 577 (2d Cir. 1989); see Bane, 996 F.2d at 1388 (same as Perales).

Second, a more demanding burden of proof also applies when the moving party seeks a mandatory injunction instead of a prohibitory one. Abdul Wali v. Coughlin, 754 F.2d 1015, 1025

9

(2d Cir. 1985). A mandatory injunction "should issue 'only upon a clear showing that the moving party is entitled to the relief requested' or where 'extreme or very serious damage will result' from a denial of preliminary relief." Id. at 1025. See Lanvin Inc. v. Colonia, Inc., 739 F. Supp. 182, 192 (S.D.N.Y. 1990) ("A mandatory preliminary injunction is 'not issued in doubtful cases' and requires a showing of 'extreme or very serious damage'").

Third, a movant must make a greater showing when a preliminary injunction will give her essentially all the relief she ultimately seeks. See Abdul Wali, 754 F.2d at 1026; Hevesi v. Metropolitan Transportation Authority, 827 F. Supp. 1069 (S.D.N.Y. 1993). Then, the party "must show a substantial likelihood of success on the merits, i.e., that [her] cause is considerably more likely to succeed than fail (together, of course, with the requisite irreparable injury." Abdul Wali, 754 F.2d at 1026.

All of these circumstances requiring a higher burden of proof are present in this case. First, plaintiff's proposed injunctive relief would interfere with government action taken in the public interest by requiring NYCHA to keep vacant indefinitely an available apartment that could be occupied by a needy family on its waiting list. Second, because plaintiff seeks affirmative relief, she must satisfy the heightened requirements for a mandatory injunction. She cannot do so. Finally, plaintiff must show that her likelihood of success is substantial because her proposed preliminary injunctive relief would afford her essentially all the relief she ultimately seeks. Plaintiff cannot meet her burden of proof.

## A. Plaintiff Has Not Shown Irreparable Injury Requiring a Preliminary Injunction Against NYCHA.

"The most vital prerequisite for the issuance of a preliminary injunction is a showing that

10

without such equitable relief, the movant is likely to suffer irreparable harm before a decision on the merits can be rendered." Coach Leatherware Co. v. AnnTaylor, Inc., 751 F. Supp. 1104, 1106 (S.D.N.Y. 1990), aff'd in part, rev'd in part on other grounds, 933 F.2d 162 (2d Cir. 1991).

Plaintiff's own actions belie her claim of irreparable injury. Plaintiff failed to raise any claim regarding the accessibility of the temporary apartment to which she was moved in March 2008 until her desired transfer to a Manhattan apartment was denied in May 2008 because of her outstanding rent arrears. Under the circumstances, plaintiff can not now claim that the prospect of irreparable injury requires immediate relief. See Perales, 878 F.2d at 583 (although Court of Appeals "found merit in some of movant's arguments[, it] would not have automatically reversed the district court's decision [denying injunctive relief], given the leisurely pace at which [movant] has proceeded since the entry of that decision"); Lanvin v. Colonia, 739 F. Supp. 182, 192 (S.D.N.Y. 1990) ("A delay [of seven months], even if it does not rise to the level of laches, demonstrates a lack of need for speedy action"); Railroad P.B.A. v. Metro-North Commuter R.R., 699 F. Supp. 40, 43 (S.D.N.Y. 1988) ("plaintiff's delay [of six weeks] in commencing this lawsuit suggests its own doubts as to the severity of harm at hand"). Moreover, plaintiff's failure to cooperate with NYCHA's attempts to accommodate her conclusively refutes her claim of irreparable harm.

Although plaintiff argues in Point II of her brief that her irreparable harm is the potential wait for an apartment after she resolves her outstanding arrears, this injury is entirely speculative. Because NYCHA seeks to make larger apartments available to larger families, plaintiff's transfer for reason of extreme underoccupancy is afforded a high priority under NYCHA's TSAP. Moreover, plaintiff's continued residence in the temporary apartment she claims does not accommodate her son is due to her failure to identify a need for reasonable accommodation before or after she moved in

11

and her own steadfast refusal to consider any other temporary apartment as a reasonable accommodation.

Finally, plaintiff's request for money damages also undermines her claim of irreparable harm. In her pleading, movant seeks "an award of monetary damages to Julia Betances." See Complaint, WHEREFORE clause, ¶5. "To demonstrate that irreparable harm will result if a preliminary injunction is not granted, monetary damages must be incapable of redressing any injury caused by the alleged wrongdoing." Metro-North, 699 F. Supp. at 43.

For each of these reasons, plaintiff has failed to show irreparable injury. Moreover, as plaintiff acknowledges, a presumption of irreparable injury arises only after a plaintiff has demonstrated a likelihood of success on the merits. As NYCHA discussed below, plaintiff has not done so.

**B.    Plaintiff Has Not Shown a Substantial
          Likelihood of Success on the Merits.**

Plaintiff alleges that NYCHA failed to reasonably accommodate her son's mobility impairment in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, the Fair Housing Act, as amended, 42 U.S.C. §3601 et seq., New York Executive Law §290 et seq., and Title 8 of the New York City Administrative Code. Plaintiff cannot show a substantial likelihood of success on the merits because she initially failed to request such accommodation of NYCHA and has rejected NYCHA's attempts to accommodate her son after she belatedly made such request.

Plaintiff did not claim the temporary apartment failed to accommodate the needs of her son until after she was denied permission to transfer to an apartment in NYCHA's Lower East Side Consolidated due to her outstanding rent arrears. She failed to identify any need for accommodation

despite being shown apartments in walk-up buildings, accepting an apartment in a walk-up building and living in the apartment with her son for two months without complaint. This absence of any request for reasonable accommodation - indeed plaintiff's affirmative acceptance of the apartment she now contends does not accommodate her son - precludes plaintiff from establishing her claim of denial of reasonable accommodation. See Taylor v. Principal Financial Group, Inc., 93 F.3d 155 (5th Cir. 1996), cert. denied, 519 U.S. 1029 (1996) (affirming summary judgment in favor of employer on terminated employee's ADA claim; responsibility for identifying the individual's limitation and requesting a reasonable accommodation remains firmly with the individual, citing, 29 C.F.R. 1630.2(j), App. (1995)). The Taylor court further noted that "it is the employee's initial request for an accommodation which trigger's the employer's obligation to participate in the interactive process of determining one. . . . If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." Id. at 165.[3] These principles are equally applicable to the landlord-tenant relationship and NYCHA simply cannot be found liable for failing to provide an accommodation, particularly where a tenant viewed and accepted the apartment about which she now complains.

Plaintiff also cannot demonstrate a likelihood of success on the merits because she has refused to cooperate with NYCHA's attempts to provide reasonable accommodation. Once plaintiff identified a need for accommodation, albeit only after a transfer was denied due to her rent arrears,

---

[3] See also, DeMar v. Car-Freshener Corp., 49 F. Supp. 2d 84, 95-96 (N.D.N.Y. 1999)(summary judgment granted for employer; employee who notified employer of attention deficit disorder diagnosis cannot hold employer liable for reasonable accommodations which were never requested); Woolcott v. E.I. DuPont DeNemours & Co., Inc., 95 Civ. 0721, 1997 U.S. Dist. LEXIS 6700, *20 (W.D.N.Y. 1997) (granting summary judgment against alcoholic terminated employee; employee "neither alleged nor presented evidence of a timely request made prior to his acts of misconduct for a reasonable accommodation. It is the responsibility of the disabled

NYCHA attempted to accommodate plaintiff and remains willing to accommodate her. Plaintiff's rejection of NYCHA's attempts to accommodate her son is simply unreasonable. Her refusal to consider any apartment other than the two-bedroom apartment at Barcetti Plaza suggests that obtaining accommodation of her son's mobility impairment is not the true motivation for this action.

Far from refusing to reasonable accommodate plaintiff's son, once plaintiff gave notice of the need for accommodation, NYCHA sought to accommodate him. Despite her initial apparent cooperation, plaintiff has rejected NYCHA's attempts to work with her. She has adopted the unreasonable posture that transfer to one, and only one, apartment can accommodate her son. This is not the "interactive process" required by the laws requiring accommodation of disabilities.

There exists no reason to require NYCHA to leave an apartment vacant while plaintiff addresses her longstanding rent delinquency, which existed prior to any issue with the floors of her apartment at Armstrong Houses and continued despite her family income of approximately $27,000 in 2007. Requiring NYCHA to hold an apartment vacant would deny NYCHA much needed rental income and deny housing to another family from the waiting list. In the event plaintiff is not evicted as a result of the housing court proceedings and, at some point in the future, resolves her substantial rent arrears, she can then transfer to an appropriate size apartment.

---

individual to inform the employer of the need for an accommodation.")

## CONCLUSION

**THE MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED, WITH COSTS.**

Dated: New York, New York
        June 3, 2008

                                Respectfully submitted,

                                RICARDO ELIAS MORALES
                                General Counsel
                                New York City Housing Authority
                                Attorney for Defendants
                                Robert Marano and NYCHA
                                250 Broadway, 9th Floor
                                New York, New York 10007
                                Tel. No. (212) 776-5244

                    By:         _____
                                Donna M. Murphy (DM-6487)

Steven J. Rappaport
Donna M. Murphy
    Of Counsel

15